# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| TANEISHA BROOKS, | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No.: |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, as amended. 29 U.S.C. §§ 201, *et. seq.* (hereinafter the "Fair Labor Standards Act" or "FLSA"), the Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and 28 U.S.C. § 1343, a pendent breach of contract claim pursuant to 28 U.S.C. § 1367, and any other cause(s) of action that can be inferred from the facts set forth herein. The Plaintiff, Taneisha Brooks (hereinafter "Brooks" or "the Plaintiff") seeks payment for unlawful employment actions under FMLA and an unpaid bonus payment. Plaintiff further seeks unpaid wages, overtime worked, and liquidated damages that she was deprived of due to Portfolio Recovery Associates, LLC's (hereinafter "the Defendant") violations of the Fair Labor Standards Act. The Plaintiff also seeks reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

1

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court for Count I by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. § 1331, this action arising under the laws of the United States, by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and Count II by 28 U.S.C. § 1331, as this case further involves a federal question under the Family Medical Leave Act of 1993, as amended 29 U.S.C. § 2601 *et seq*. and 28 U.S.C. § 1343.

2. Plaintiff also seeks to bring pendent claims pursuant to 28 U.S.C. § 1367 and this Court's judicial powers for Count III.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district and Defendant is subject to personal jurisdiction in this district.

4. The Defendant is a Foreign Limited Liability Company licensed to do business in the State of Alabama and operating as a collections agency. Defendant employed the Plaintiff to labor for its benefit in this District at its business location at 600 Beacon Parkway West, Homewood, AL 35209.

## PARTIES

### A. Plaintiff

5. The Plaintiff, Taneisha Brooks, is over the age of nineteen (19) years, is a resident of the State of Alabama, and is a former employee of the Defendant.

6. During all times relevant to this Complaint, the Plaintiff was an employee of the Defendant as a customer service representative and was subject to the full protection of the Fair Labor Standards Act and the FMLA.

### B. Defendant

7. The Defendant is a business organization operating as a Foreign Limited Liability Company, doing business under the trade name of "Portfolio Recovery Associates" collections agency.

8. Defendant is an enterprise engaged in interstate commerce.

9. The Defendant is considered an employer under the FMLA and within the meaning of the Fair Labor Standards Act.

## COUNT I

### Failure to Pay Wages and Overtime

10. Plaintiff adopts and realleges paragraphs 1-9 as if fully set out in this count.

11. The Plaintiff was employed by the Defendant for a period of approximately one year and five months, ending in or around August 2020.

12. The Defendant engages in the business of operating a debt collections agency in Jefferson County in Birmingham, Alabama.

13. Further, upon information and belief, the Defendant has gross revenues which exceed $500,000.00 per year.

14. At all times hereinafter mentioned, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Defendant has been an enterprise engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. The Plaintiff was an employee who was engaged in interstate commerce and/or employed by an enterprise engaged in interstate commerce.

18. The Plaintiff was employed by Defendant in customer service as a non-exempt call-center employee.

19. The Plaintiff's job duties consisted of making and answering phone calls made by debtors and would attempt to collect on these outstanding debts from debtors in multiple states.

20. The Plaintiff's regularly scheduled work hours were 8 hours a day, 5 days a week, for forty (40) "on-the-clock" hours during the term of her employment with the Defendant.

21. The times in which Plaintiff worked varied; it could be 8am-5pm, 9am-6pm, etc.

22. In addition to the Plaintiff's forty (40) "on-the-clock" hours, Plaintiff worked approximately five (5) hours "off-the-clock" per week and has not been compensated for that time.

23. The Plaintiff was required to start and log-in to her computer off the clock.

24. She was then required to open multiple different Defendant computer programs off the clock.

25. She was required to log in to each Defendant computer program and ensure that each Defendant computer program was running correctly.

26. Only then was Plaintiff allowed to clock in for work through an application on her computer.

27. These pre-clock in tasks can take up to twenty-five minutes, requiring the Plaintiff to show up to work at least twenty-five minutes early.

28. These tasks were performed each day.

29. If the Plaintiff was not ready and on the phone at shift start, she could have been subjected to discipline.

30. Further, Defendant provided the Plaintiff with one unpaid lunch break per shift.

31. However, Defendant required the Plaintiff to perform "off-the-clock" work during her unpaid lunch break for the employer's benefit.

32. The Plaintiff was required to clock out and continue job duties such as logging off the computer and phone system before leaving for lunch.

33. The Plaintiff was then required to perform job duties such as logging back into the computer and phone system before clocking back in after lunch.

34. These duties had to be performed during the Plaintiff's lunch break per Defendant's policy and occurred every day the Plaintiff worked.

35. Further, the Plaintiff's computer crashed multiple times each week and required the Plaintiff to reset it, which took roughly ten (10) minutes or more each time.

36. When the computer crashed the Plaintiff was clocked out and required to reboot the computer and could not clock back in until the computer was rebooted.

37. This process required Plaintiff to perform work off the clock.

38. The Plaintiff frequently found herself handling calls past the end of her scheduled eight-hour shifts, which would require her to work past her scheduled work time.

39. These regular calls would cause the Plaintiff to go over her forty (40) hour work shift in one week, however, Plaintiff was not compensated for this time.

40. Defendant is aware of its obligation to pay employees for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week but has failed to do so.

41. Because Defendant did not properly pay the Plaintiff for all hours worked, Defendant's pay policies and practices violate the FLSA.

42. The Plaintiff believes that she was not compensated properly in excess of 300 hours and expects the discovery process to assist her in gathering evidence which shows that the Plaintiff's wages did not compensate her in the manner required by the FLSA.

43. The Defendant has a duty under 29 U.S.C. § 211(c) to keep certain records relating to the hours the Plaintiff worked and the pay the Plaintiff received; the Plaintiff will rely upon these records, assuming they are correct, as part of her case.

44. The Defendant's violations of the Fair Labor Standards Act were willful and were the result of a conscious business decision made by the Defendant to generate greater profit at the expense of employees.

45. Defendant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay the Plaintiff the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

46. Defendant is a sophisticated party and employer, and therefore knew, or should have known, its pay policies were in violation of the FLSA.

47. The Plaintiff was and is a non-exempt employee who trusted Defendant to pay her in accordance with the law.

48. The decisions and practices by Defendant to not pay the Plaintiff for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith as defined in 29 U.S.C. § 260.

49. Accordingly, the Plaintiff is entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times her regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**WHEREFORE**, the Plaintiff requests this Court to enter judgment in favor of the Plaintiff and against the Defendants for:

A. All amounts of wages that the Plaintiff should have received under the Fair Labor Standards Act but for the Defendant's willful violation of her rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act. 29 U.S.C. § 216(b);

B. All reasonable costs and attorneys' fees pursuant to Fair Labor Standards Act. 29 U.S.C. § 216(b);

C. A judicial determination that the Defendant has violated the Fair Labor Standards Act as to the Plaintiff;

D. Grant such further relief as the Court deems necessary and proper.

## COUNT II

## Violation of Family and Medical Leave Act of 1993, as amended 29 U.S.C. § 2601 *et seq.*

## (FMLA Retaliation)

50. Plaintiff adopts and realleges paragraphs 1-9 as if fully set out in this count.

8

51. Sometime around May of 2020, Plaintiff's minor daughter broke her arm and needed care as she could not care for herself.

52. Plaintiff submitted the proper FMLA paperwork to Whitney (last name unknown), who was handling Human Recourses duties, and was granted intermittent FMLA leave to care for her daughter.

53. The leave began in May of 2020 and ended around the end August of 2020.

54. After beginning her employment with the Defendant, Plaintiff was told by other employees that Defendant did not like when employees took FMLA leave.

55. Plaintiff was informed by managers that she would have to work ten times harder to produce her numbers since she would be out on FMLA leave.

56. When other employess would take FMLA leave Plaintff would hear managers say that it "hurt the company."

57. Plaintiff was ultimately terminated on August 14, 2020, while on one of her scheduled intermittent FMLA days.

58. When Plaintiff asked why she was terminated but was not given an answer.

59. Prior to this termination, Plaintiff had not been disciplined and to her knowledge was hitting all her metrics.

60. Plaintiff has a good faith belief that her termination was in direct retaliation to her taking FMLA leave to care for her daughter.

61. None of the adverse employment actions and/or events described above occurred

until after the Plaintiff requested to be on FMLA leave, forming a causal connection between the adverse employment actions and/or events and the Plaintiff exercising her rights under FMLA.

62. Defendant intentionally discriminated against Plaintiff by retaliating against her in the form of termination for exercising her rights under FMLA.

63. Defendant's retaliatory action(s) against Plaintiff violated Plaintiff's rights under the Family and Medical Leave Act of 1993, as amended. 29 U.S.C. § 2601 *et seq.*, were intentional, and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

64. Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful retaliation.

**WHEREFORE,** the Plaintiff requests this Court to enter judgment in favor of the Plaintiff and against the Defendants for:

A. Enter a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole the Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

## COUNT III

### Breach of Contract

65. Plaintiff realleges paragraphs 1-9 as if fully set out in this count.

66. On or about March 4, 2019, Plaintiff began working with the Defendant as a customer service representative.

67. As part of the pay she was promised upon hiring, she was eligible for bonus payments if certain quotas were met.

68. Around July of 2020, Plaintiff earned a bonus check based on work performed for the Defendant.

69. This work was based on the Defendant's policy that if a quota was met based on collections received, the employee would receive a bonus.

70. This bonus was to be in the amount of approximately $2,000.

71. Plaintiff was terminated and never paid said bonus after her termination.

**WHEREFORE,** the Plaintiff requests this Court to enter judgment in favor of the Plaintiff and against the Defendants for:

A. Require Defendants to pay Plaintiff damages as provided for under Alabama law for Defendants' willful breaches of contract in refusing to pay Plaintiff for her work performed;

B. Grant such further relief as the Court deems necessary and proper.

### DEMAND FOR JURY TRIAL
The Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Ray Foushee
Raymond Foushee
ASB-9344-X13G
*Attorney for Plaintiff*

/s/ D. Jeremy Schatz
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
100 41st Street South, Suite A
Birmingham, Alabama 35222
rf@vlgal.com

js@vlgal.com

## **CERTIFICATE OF SERVICE**

The Clerk of Court is requested to serve the following Defendant by certified mail at the following address(es):

Portfolio Recovery Associates, LLC
C/O Corporation Service Company
641 South Lawrence Street
Montgomery, AL 36104