## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and between Taneisha Brooks ("Brooks") and Portfolio Recovery Associates, L.L.C. ("PRA") (Brooks and PRA are collectively referred to herein as "the Parties").

WHEREAS, on September 22, 2021, Brooks filed the lawsuit *Taneisha Brooks v. Portfolio Recovery Associates, L.L.C.*, Civil Action No. 2:21-cv-01276-AKK (the "Action"), in the Northern District of Alabama, Southern Division, asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, *et seq.*, and state breach of contract claims.

WHEREAS, PRA denies all allegations asserted in the Action by Brooks, including each of Brooks' claims asserted in the Action and denies that Brooks is entitled to any relief whatsoever;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of PRA or any Releasees, the parties desire fully and finally to resolve the Action, all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA and FMLA claims or disputes, that have been made or could have been made by or on behalf of Brooks against PRA or any Releasees relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed; and

WHEREAS, the parties recognize that a bona fide dispute existed as to liability, if any, for attorneys' fees, expenses and costs and that this Agreement represents a bona fide compromise of all claims by Brooks for attorneys' fees, expenses and costs, which was negotiated at arms-length by counsel for the parties.

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1. **Non-Admission.** This Agreement and compliance with this Agreement shall not be construed as an admission by PRA of any liability whatsoever, or as an admission by PRA of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity. PRA specifically disclaims any liability to Brooks or any other person for any alleged violation of the rights of Brooks or for any alleged violation of any order, law, statute, duty, or contract on the part of Brooks, or any of PRA's employees, agents or related companies or employees or agents of the related companies.

2. **Dismissal of Action with Prejudice.** In exchange for the consideration described below in Paragraph 3, Brooks agrees to dismiss the Action and all claims therein with prejudice. Brooks hereby authorizes her attorneys to execute on her behalf a Joint Motion for Approval of Settlement ("Joint Motion"). Upon approval by the U.S. District Court, Plaintiff agrees to file a Stipulation of Dismissal With Prejudice within ten (10) business

Doc ID: 680490addcce5aad79be25be980be4e2d833836f

days of Plaintiff Brooks receiving the FLSA  in Paragraph 3(b)). Except as delineated in this Agreement own costs and fees.

3. **Settlement Consideration**.

    a. **Payment to Brooks:** In consideration of the ses made herein by Brooks, PRA agrees to pay to Brooks the sum of Sixteen Thousand and No/100 Dollars ($16,000.00), the sufficiency of which is hereby acknowledged. The sums shall be paid as follows:

        (1) One payroll check made payable to "Taneisha Brooks" in the gross, pre-tax amount of Two Thousand Eight Hundred Ninety-Three Dollars and Ninety-Six Cents ($2,893.96) for claimed unpaid wages under the FLSA ($1,200.00) and FMLA ($1,693.96), minus federal, state, and local tax withholdings, to be reported by PRA on a W-2 form and the state equivalent; and

        (2) One check payable to "Taneisha Brooks" in the amount of Six Thousand Seven Hundred Seventy-Five Dollars and Eighty-Four Cents ($6,775.84) for claimed and disputed non-economic compensatory damages, no withholding at the request of Brooks, the full amount subject to IRS Form 1099 issued to Brooks; and

        **(3)** One check made payable to "Virtus Law Group" in the amount of Six Thousand Three Hundred Thirty Dollars and Twenty Cents ($6,330.20) for claimed attorneys' fees and costs, no withholding, the full amount subject to IRS Form 1099.

    b. **Timing and Manner of Payment and Conditions Precedent:** The Settlement Checks making payments under this agreement for the FMLA and Breach of contract claims (as provided in Paragraphs 3(a)(2)-(3)), for which the settlement amounts are not contingent upon Court approval, will be mailed to Brook's counsel, Virtus Law Group within ten (10) business days after the execution of this settlement agreement.

    The payment representing back wages under the FLSA is contingent upon the District Court's approval of the FLSA claim settlement, and the check representing the FLSA portion of the settlement will be mailed to Brook's counsel, Virtus Law Group, as provided in Paragraph 3(a)(1) and 3(c)), within ten (10) after the Court's approval of the FLSA claim settlement.

    c. **FLSA Payment:** Brooks represents and warrants that the payment of $1,200.00 represents full and complete payment for all wages (including overtime) that she is due under the Fair Labor Standards Act.

Doc ID: 680490adddce5aad79be25be980be4e2d833936f

4. **Release by Brooks.**

   a. **Claims Released by Brooks.** In consideration of the promises made herein by PRA, Brooks and her successors, heirs and assigns, agree to and do hereby acquit, remise, release, and forever discharge and covenant not to sue PRA, or any of its officers, directors, employees, agents, servants, representatives, predecessors, assigns, successors, divisions, subsidiaries, partners, insurers, attorneys, parent or affiliated entities ("Releasees"), with respect to any and all claims. This release and covenant not to sue includes any claims that Brooks now has, and any claims whatsoever that may hereafter arise or accrue on account of the events, circumstances, or occurrences described in or related in any way to the Action, any claims that could have been asserted in the Action, any claims related to or arising out of Brooks's employment with PRA, any claims related to or arising out of the termination of Brooks's employment, and any claims whatsoever that may accrue in the future related to or arising out of the events, circumstances, or occurrences of Brooks's employment with PRA, up to and including the effective date of this Agreement. This release and covenant not to sue covers, without limitation, all claims arising under federal, state, local, or common law, and all liability of whatever nature and sort including, but not limited to, wages, salaries, commissions, employee benefits, bonus/incentive payments, stock options, severance pay, alleged damages for emotional injuries, back pay, front pay, unpaid wages, liquidated damages, punitive and compensatory damages, expenses, penalty wages, costs, and attorney's fees that Brooks had, has, or may have against any of the Releasees.

   The claims referenced in the preceding paragraph of this Agreement include, but are not limited to, any and all claims and demands arising under the following laws: (1) Title VII of the Civil Rights Act of 1964, as amended; (2) the Americans with Disabilities Act, as amended; (3) 42 U.S.C. § 1981 ("Section 1981"); (4) the Age Discrimination in Employment Act, as amended; (5) the Equal Pay Act of 1963, as amended; (6) the Employee Retirement Income Security Act ("ERISA"), as amended; (7) Section 503 of the Rehabilitation Act of 1973; (8) the False Claims Act (including the qui tam provision thereof); (9) the Occupational Safety and Health Act; (10) the Health Insurance Portability and Accountability Act of 1996; (11) the Consolidated Omnibus Budget Reconciliation Act of 1986; (12) the Family and Medical Leave Act, as amended; (13) the Fair Labor Standards Act, as amended, (14) the Alabama Age Discrimination in Employment Act; (15) Alabama Act 2021-561; (16) the Clarke-Figures Equal Pay Act; (17) protections against discriminatory treatment as set forth in 11 U.S.C. § 525; (18) fraud, misrepresentation or promissory estoppel; (19) intentional or negligent infliction of emotional distress or "outrage;" (20) violation of public policy; (21) defamation; (22) interference with employment, business and/or contractual relations; (23) wrongful discharge; (24) retaliatory discharge under Alabama Code § 25-5-11.1; (25) negligence and negligence-related claims; (26) invasion of privacy; (27) breach of contract, express or implied (including breach of employment contract); (28) breach of the implied covenant of good faith and fair dealing and (29) any

Doc ID: 680490adddce5aad79be25be98Ube4e2d833836f

other claims arising under any and all other federal, state, local, or common laws, jurisprudence, constitutions, or regulations. This Agreement does not release claims for unemployment compensation or claims for workers compensation medical benefits. This agreement does not release claims for vested retirement benefits. It is the intent of Brooks to release all claims that she can legally release but no more than that.

    b. **Ownership of Released Claims.** Brooks agrees that she has not assigned or transferred any Released Claim, nor has she attempted to do so. She expressly represents and warrants that she has the full legal authority to enter into this Agreement for herself, and does not require the approval of anyone else.

5. **Agreement Not To Be Publicized**: Brooks and PRA acknowledge and agree that, in order to secure the Court's approval of this Agreement, it must be filed as a public record on the electronic filing system for the United States District Court for the Northern District of Alabama. As a result, this Agreement will be a public record. However, the parties agree not to publicize this Agreement by, for example, posting the Agreement or its terms on a social media website, publicly posting the terms of this Agreement on any website, or communicating the terms of this agreement to current or former employees of PRA.

6. **Non-Disparagement:** Brooks understands and agrees that she shall refrain from engaging in any conduct, verbal or otherwise, that would disparage, discredit, or harm the reputation of PRA or any of the Releasees. Such conduct includes, but is not limited to, any comment and/or conduct that disparages, discredits, diminishes, detracts or depreciates any Releasee or any of its officers, directors, employees, agents, servants, representatives, predecessors, assigns, successors, divisions, subsidiaries, partners, insurers, attorneys, or parent corporation or affiliated entities, the operations of any Releasee, or the business reputation of any Releasee, either directly or indirectly, verbally, in writing, electronically, or otherwise including, but not limited to, spoken words, remarks, comments publications, opinions, and other expressions delivered orally, in writing, or through websites, blogs, postings to the Internet, social media, emails, texts or by other electronic means, whether done publicly or privately in one's own name, anonymously, or through the use of a pseudonym. The Parties agree that a breach of the non-disparagement requirements of this Agreement is a breach of contract that does not require proof of actual damage, and that PRA may sue for said breach and, upon a finding of breach pursuant to Alabama Act 2021-503, be entitled to liquidated damages from Brooks in the amount of One Thousand and NO/100's Dollars ($1,000.00), as well as attorney's fees and costs and any other damages that may be specially proven.

7. **Non-Disparagement Exceptions:** Brooks acknowledges and understands that she may not be held liable for breach of the non-disparagement provision in Paragraph 7 of this Agreement if Brooks makes an otherwise disparaging statement in good faith and solely for any of the following purposes:

Doc ID: 680490adddce5aad79be25be980be4e2d833836f

   a. to communicate with a law enforcement officer acting within the line and scope of the officer's law enforcement duties that a violation of the law has occurred or is occurring;
   b. to communicate with a government regulator acting within the line and scope of the regulator's regulatory duties that a violation of the law has occurred or is occurring;
   c. to respond to a lawfully served judicial, grand jury, or other lawful subpoena;
   d. to testify in a judicial or administrative proceeding in response to a lawfully served subpoena or an order of a court of competent jurisdiction;
   e. to confer with Brooks's attorney for the purpose of obtaining legal advice or representation;
   f. to respond to lawful discovery in a judicial or administrative action; provided the disparaging statement is either ordered by the court of competent jurisdiction or made in compliance with a protective order entered by the same court;
   g. to prosecute or defend a civil action between or among parties to this Agreement; provided Brooks attempts to and, if permitted by law, does file the disparaging statement and any related pleading under seal or in compliance with a protective order entered by a court of competent jurisdiction in the civil action; and
   h. to exercise federally protected statutory rights, including, but not limited to, the exercise of rights under the National Labor Relations Act or the Civil Rights Act of 1964, as amended.

8. **No Reinstatement:** In consideration for the promises made herein by PRA, Brooks agrees that her employment with PRA is irrevocably terminated, that she has no right to reinstatement or rehire, that she will not in the future apply for or otherwise seek employment with PRA or any of the Releasees, and that if she should seek such employment, the failure of PRA or any of the Releasees to process her application or consider her for employment shall not be deemed to violate any federal, state or local law.

9. **Governmental Agency:** Brooks acknowledges that nothing in this Agreement prohibits Brooks from reporting possible violations of federal law or regulation to any governmental agency or entity, including, but not limited to the Department of Justice, Equal Employment Opportunity Commission, National Labor Relations Board, the Securities and Exchange Commission, Congress, the Inspector General or any other employment and/or banking agency, or making other disclosures that are protected under the whistleblower provisions of federal law or regulation. Brooks does not need prior authorization from PRA to make any such reports or disclosures, and Brooks is not required to notify PRA that Brooks has made such reports

10. **Payment of Applicable Taxes**. Brooks is and shall be solely responsible for all federal, state and local taxes that may be owed by Brooks by virtue of the receipt of any portion of the monetary payment provided under this Agreement. PRA will be solely responsible for the employer's share of any required taxes. Brooks agrees to indemnify and hold PRA harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental

Doc ID: 680490adddce5aad79be25be980be4e2d833836f

agencies regarding any tax obligations related to amounts owed by Brooks under this Agreement.

11. **Medicare:** No Party is aware of any conditional payment made by Medicare. This Agreement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibilities of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties resolved this matter in compliance with both federal and state law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

12. **Interpretation.** This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Brooks or any Released Party. Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

13. **No Waiver by the Parties.** The waiver by the parties of any provision of this Agreement or a breach of any provision of this Agreement by the parties shall not operate or be construed as a further or continuing waiver of any subsequent breach by the parties.

14. **Choice of Law.** The parties agree this Agreement will be governed exclusively by Alabama law.

15. **Counterparts.** This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, with the same effect as if the parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall constitute one and the same instrument, and shall not be publicized in accordance with the terms of Paragraph 5 of this Agreement.

16. **Severability.** If any provision of this Agreement shall be finally determined to be invalid or unenforceable by a court or arbitrator of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.

17. **Entire Agreement.** This Agreement contains the entire agreement and understanding between Brooks and PRA with respect to its subject matter, and this Agreement supersedes all other agreements between Brooks and PRA with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by Brooks and PRA.

18. **Knowing and Voluntary Waiver.** Brooks acknowledges and agrees that her waiver of rights under this Agreement is knowing and voluntary. She further acknowledges that she understands the terms of this Agreement; that the payment referred to in this Agreement exceeds that to which she would otherwise have been entitled; that the actual payment is in exchange for her release of the claims referenced in this Agreement; that she has consulted with her attorneys prior to executing this Agreement; that she has consulted with

Doc ID: 680490adddce5aad79be25be980be4e2d833836f

an attorney in connection with her decision to enter into this Agreement, and that she has been represented by counsel throughout her dealings with PRA concerning this Agreement.

IN WITNESS WHEREOF the undersigned hereunto set their hands to this Agreement on the dates written below. This Agreement may be signed in single copy, multiple copies, single or multiple signature pages (for example with one party signing one signature page and other parties signing other signature pages), and with original signature, photocopy signature, fax signature, or electronic signature permitted and accepted.

_____
Taneisha Brooks
Date: _____

By: Portfolio Recovery Associates, LLC

By: _____
Steven R. Zahn
Title: _____
Managing Counsel
Compliance and Litigation

Date: 3/10/2022

Doc ID: 680490adddce5aad79be25be980be4e2d833836f